UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KATHLEEN MARSH,  CASE NO.:

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, KATHLEEN MARSH, (hereinafter "MARSH") by and through her undersigned counsel, and sues the Defendant, CELEBRITY CRUISES, INC. (hereinafter "CELEBRITY"), and says:

1. This is a maritime action for personal injury damages.

2. That Defendant, "CELEBRITY", is a Florida corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as "CELEBRITY", providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the CELEBRITY CENTURY.

3. That MARSH was and is a resident of the State of Florida.

4. That jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, which provides original jurisdiction to the United States District Court, exclusive of state courts, of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

5. That venue is proper in the Southern District of Florida, Miami Division in that Defendant "CELEBRITY's" principal place of business is in Miami, Florida, and this action

ELAINE MARSH VS. CELEBRITY CRUISES, INC.
Case No:
Page 2 of 4

arose from injuries sustained on an international sea-going cruise that originated from Miami, Florida.

6. Jurisdiction and venue are proper in the U.S. District Court for the Southern District of Florida, Miami/Dade County, under the terms of the cruise ticket tendered by Defendant, "CELEBRITY" to Plaintiff, "MARSH". The Defendant has a copy of the contract for passage.

7. That on April 16, 2016, Plaintiff, "MARSH", was a fare-paying passenger on the "CELEBRITY" vessel CELEBRITY SOLSTICE, that was at all times material hereto, a vessel owned and operated by Defendant, "CELEBRITY".

8. That on April 16, 2016, Plaintiff, "MARSH", was an invitee upon the vessel owned and operated by Defendant, "CELEBRITY", having come onto the vessel to make use of the facilities as a fare-paying passenger.

9. That on April 16, 2016, Plaintiff, "MARSH", was injured when she slipped and fell on a transient liquid substance on Deck 12 on the starboard side of the Solarium.

10. That the Solarium and surrounding area of the vessel and all of its attendant attractions, is owned and operated by Defendant "CELEBRITY", and it is also within the exclusive control of "CELEBRITY".

11. That at the aforementioned time and place, the Defendant, through its agents and/or employees, was negligent in the following acts of commission and/or omission:

    a. Failure to properly maintain the cruising vessel CELEBRITY CENTURY in a reasonably safe condition for use by Plaintiff and others similarly situated.

    b. Failure to correct a dangerous condition of which it either knew or should have known through the use of reasonable care.

ELAINE MARSH VS. CELEBRITY CRUISES, INC.
Case No:
Page 3 of 4

    c. Failure to warn the Plaintiff of the existence of a dangerous condition on Defendant's cruising vessel, of which the Defendant either knew or should have known through the use of reasonable care.

    d. Failure to correct the dangerous condition.

    e. Failure to exercise reasonable care under the circumstances.

    f. Creating a dangerous condition.

    g. Failure to follow industry safety guidelines.

    h. Failure to follow corporate safety guidelines.

    i. Failure to properly train the staff responsible for maintaining the Solarium and its surrounding areas.

    j. Failure to properly staff the Solarium and its surrounding areas.

12. That as a direct and proximate result of the aforementioned negligence on the part of Defendant "CELEBRITY, Plaintiff, "MARSH", was injured in and about her body and extremities; was caused great physical pain and mental suffering; and will within reasonable medical probability; has suffered physical and mental losses and impairments which are, within a reasonable degree of medical probability, permanent and/or continuing in nature, and will suffer said losses and impairments in the future; has been caused to expend money for the treatment of his injuries and will, in the future, be caused to expend further monies for treatment of his injuries.

    WHEREFORE Plaintiff, KATHLEEN MARSH demands judgment for damages against Defendant, CELEBRITY CRUISES, INC.

ELAINE MARSH VS. CELEBRITY CRUISES, INC.
Case No:
Page 4 of 4

## DEMAND FOR JURY TRIAL

Plaintiff, KATHLEEN MARSH, hereby demands trial by jury of all issues triable as of right by a jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFIY** that on March 21, 2017, I electronically filed the foregoing document with the Clerk of the court using CM/ECF and a true and correct copy of the foregoing document will be served on the Defendant via service of process in due course.

TOMBERG, HANSON & HALPER, LLC
525 SE 6th Ave. Suite B
Delray Beach, FL 33483
(561) 737-1345 - Telephone
(561) 734-8971 – Facsimile

By: _____
Mark R. Hanson, Esq.
Florida Bar Number: 621651