UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21097-UU

KATHLEEN MARSH,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

## ORDER ON MOTION IN LIMINE

THIS CAUSE is before the Court upon Defendant's Motion *In Limine* to Preclude and Exclude All Evidence, Testimony, and Argument at Trial of Corporate/Shareholder Financial Condition/Wealth, and the Economic Disparity between the Parties (the "Motion"). D.E. 59.

THE COURT has reviewed the Motion and is otherwise fully advised in the premises.

By way of background, this case arises from Plaintiff's slip and fall while a passenger aboard the cruise ship, Celebrity Solstice. Plaintiff brings a single claim for negligence against Defendant, Celebrity Cruises, Inc. ("Celebrity") based on the theory that it allowed a liquid substance to exist on the ship's pool deck and failed to warn her of the alleged dangerous condition. D.E. 1. On May 24, 2017, this Court issued a Scheduling Order, setting November 17, 2017 as the deadline for the filing of motions *in limine*. D.E. 16. On November 16, 2017, Celebrity filed the instant Motion.

In its Motion, Celebrity moves to exclude any "evidence and references to Celebrity's financial well-being, or any testimony and comments to this matter being a case of 'David and Goliath'" pursuant to Federal Rules of Evidence 401 and 403. D.E. 4 at *6. According to

Celebrity, "any evidence of or reference by the Plaintiff (or her witnesses) to the financial positions of the parties is wholly irrelevant to the instant action because it does not tend to prove or disprove any disputed fact" and "will only serve to cloud the issues in this action." *Id.* at *5. In her Response, Plaintiff asserts that the motion is "premature as present generalized evidentiary matters [] are more appropriately left to the Court to address at trial, if necessary." D.E. 63. As such, Plaintiff does not oppose the Motion nor offer any argument for why the evidence at issue may be admissible at trial. "The general rule is that, during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (internal quotation omitted). *See also Rosario v. Labor Ready Se., Inc.*, No. 14-21496-CIV, 2015 WL 12086100, at *5 (S.D. Fla. Aug. 31, 2015) (granting motion to exclude any references to or evidence of the financial standing or wealth of the parties); *Mowbray v. Carnival Corp.*, No. 08-20931-CIV-Altonaga/Brown, 2009 WL 10667070, at *6 (S.D. Fla. Apr. 13, 2009) (precluding evidence of plaintiff's financial resources and the disparity of resources between plaintiff and defendants). "The erroneous admission of such evidence can constitute reversible error." *Brough*, 297 F.3d at 1178. Accordingly, it is hereby

ORDERED AND ADJUDGED that Celebrity's Motion, D.E. 59, is GRANTED with respect to testimony and other evidence.

DONE AND ORDERED in Chambers at Miami, Florida, this _13th_ day of December, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record