UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21097-UU

KATHLEEN MARSH,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion for Relief from Deemed Admissions (the "Motion"). D.E. 86.

THE COURT has considered the Motion and is otherwise fully advised in the premises. For reasons set forth below, Defendant's Motion is GRANTED.

## PROCEDURAL BACKGROUND

The instant matter is a maritime personal injury action in which the Plaintiff claims to have sustained certain personal injuries while a passenger aboard the cruise ship Celebrity Solstice ("Solstice"). D.E. 1. On or about March 23, 2017, Plaintiff filed her Complaint alleging a single cause of action for negligence against Defendant, Celebrity Cruises, Inc. ("Celebrity") based on the theory that Celebrity allowed a liquid substance to exist on the Solstice Solarium floor and failed to warn her of the alleged dangerous condition. Celebrity denied these allegations in its Answer, dated May 1, 2017. D.E. 12. On August 31, 2017, Plaintiff made a Request for Admissions to Celebrity (the "Admissions Request") which Celebrity did not answer. The Admissions Request asked Defendant to make the following admissions:

1

> (1) Admit the Defendant knew of the existence of the transient substance on the deck where the Plaintiff fell, prior to Plaintiff's fall (within thirty (30) minutes of Plaintiff's fall);
>
> (2) Admit that a crew member walked through the area where the Plaintiff fell within five (5) minutes prior to the Plaintiff's fall;
>
> (3) Admit that the Defendant knows or should know that water is regularly found on the deck surface in and around the Solarium and the Deck 9 pool area; and
>
> (4) Admit that a transient substance on the Solarium deck caused the Plaintiff to slip and fall.

D.E. 77-8 at *9-10.

Three weeks following the close of discovery, Celebrity moved for summary judgment on the grounds that there is no evidence to show that it had actual or constructive knowledge of the transient substance at issue and that it did not fail to warn Plaintiff of the dangerous condition. D.E. 54. In Plaintiff's Response to the Motion for Summary Judgment, Plaintiff, for the first time, pointed out that Celebrity had failed to respond to her Admissions Request within thirty days pursuant to Federal Rule of Civil Procedure 36. D.E. 77 at *5. As a result, Plaintiff argued that the requests should be deemed admitted and summary judgment denied based on the such admissions. Consequently, Celebrity filed the instant Motion requesting the withdrawal of its deemed admissions.

## CELEBRITY'S MOTION

In its Motion, Celebrity states that:

> The failure to timely respond to the Request for Admissions occurred due [to] the fact that Michael Drahos, Esq., who entered an appearance on the day the discovery was served by email only to him and Natasha Alcivar, Esq., departed from the firm shortly prior to the October 2, 2017 response deadline and there was an internal administrative error as to standard operating procedure for calendaring discovery deadlines. Consequently the discovery was inadvertently overlooked in the transition.

D.E. 86 ¶ 3. Counsel for Celebrity further states that they were completely unaware of the outstanding discovery issue until Plaintiff raised it in her November 27, 2017 Response to Celebrity's Motion for Summary Judgment. Accordingly, while Celebrity fully admits its failure to timely respond to Plaintiff's Admissions Request, it maintains that such failure was the result of excusable neglect.

## PLAINTIFF'S RESPONSE

Plaintiff "takes issue" with Celebrity's assertion of excusable neglect: "Defendant is represented by house counsel, Natasha Alcivar (still on the service list) and the law firm of Fowler White; a top flight, well respected competent firm with an army of lawyers who have come into this case. It is shocking to think not one of the lawyers…notice[d]…the outstanding discovery." D.E. 89 at *4. Plaintiff also questions Celebrity's assertion that it was unaware of the outstanding discovery until Plaintiff filed her Response to Defendant's Motion for Summary Judgment because "Plaintiff filed her Response on November 27, 2017 and they wait [sic] until December 4, 2017 to seek relief." *Id.* The Court is unmoved by both these arguments. To begin with, because Fowler White is, in Plaintiff's own words "a top flight, well respected competent firm", the Court has no reason to believe that counsel would intentionally disregard its discovery obligations nor lie to this Court regarding its admitted oversight in this case. Furthermore, the Court is not offended by the fact that, upon first being alerted to their oversight, it took Celebrity's counsel four business days to inquire into what occurred and subsequently draft a Motion addressing the issue.

In addition to questioning the explanation for Celebrity's error, Plaintiff asserts that she has been prejudiced by Celebrity's failure to timely respond to her Admissions Request because she "relied on the failure and did not press the Interrogatories propounded at the same time

3

because they were based upon denials advanced by the Defendant." Id. at *4. The Court addresses this argument *infra*.

## ANALYSIS

Federal Rule of Civil Procedure 36 governs requests for admissions, allowing a party to serve on "any other party a written request to admit...the truth of any matters within the [general scope of discovery] relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed.R.Civ.P. 36(a). "The purpose of the rule is 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'" *Perez v. Miami-Dade County,* 297 F.3d 1255, 1264 (11th Cir. 2002) (*citing* 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994); *Pickens v. Equitable Life Assurance Soc'y,* 413 F.2d 1390, 1393 (5th Cir.1969)). The served party has thirty days after service to respond to a request for admissions. Fed.R.Civ.P. 36(a)(3). If a party fails to respond within thirty days, then "[t]he matter is admitted." *Id.* Once a matter is admitted, Rule 36(b) provides that it "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* Rule 36(b) further provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

The Eleventh Circuit has ruled that district courts enjoy broad discretion in managing pretrial discovery matters. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). When analyzing a motion under Rule 36(b), district courts are required to apply a "two-part test" in deciding whether to permit a party to withdraw admissions. *Id.* at 1264 (*citing Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988). The two-part test requires the

district court to: (i) consider whether the withdrawal will subserve the presentation of the merits; and (ii) determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. *Id.* In applying these factors to the instant matter, the Court concludes that both factors weigh heavily in favor of Celebrity.

    i.    <u>Promotion of Presentation of the Merits</u>

The first prong of the two-part test calls for a determination of whether "the presentation of the merits will be subserved" by allowing a withdrawal of the admissions. "This part of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* at 1266 (internal citations omitted). In the instant matter, the deemed admissions conclusively establish three of the four elements Plaintiff must prove at trial in order to succeed on her singular claim of negligence.[1] Admission III establishes that Celebrity owed a heightened duty of care to passengers on Deck 12 because "water is regularly found on the deck surface". Admissions I and II establish that, prior to Plaintiff's accident, Celebrity had actual and constructive knowledge that water had puddled on the deck where Plaintiff fell and also had sufficient time to take corrective action. And last, Admission IV establishes that Plaintiff's fall was caused by that water having accumulated on the deck. As such, the deemed admissions, which establish a heightened duty of care, actual and constructive knowledge, time for corrective action, and the cause of Plaintiff's fall, are "not some tangential factual matter[s] in a [slip and

---

[1] To prevail on her singular claim of negligence, Plaintiff must show that: (1) Celebrity had a duty to protect her from a particular injury; (2) Celebrity breached that duty; (3) the breach actually and proximately caused Plaintiff's injury; and (4) Plaintiff suffered actual harm. *See Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275, 1280 (11th Cir. 2015). Furthermore, the maritime standard of reasonable care requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition. "[T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where...the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir.1989) ("BCL's liability thus hinges on whether it knew or should have known about the treacherous wet spot.").

fall case]; [they are] the core element[s] and [are], consequently, often the most disputed. Deeming th[ese] element[s] admitted [would take] the wind out of [Celebrity's] sails and effectively end[] the litigation." *Perez*, 297 F.3d at 1266. Accordingly, granting Celebrity's Motion will certainly aid in the "'ascertainment of the truth and the development of the merits.'" *Id.* (*quoting Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988) (quoting with approval the district court's opinion in that case); *see also Manatt v. Union Pac. R.R. Co.,* 122 F.3d 514, 517 (8th Cir.1997) ("In the circumstances of this case, the prospect of deeming the controverted fact as having been admitted seems to be anathema to the ascertainment of the truth.") (citations and internal marks omitted). The Court, therefore, finds that the first prong of the two-part test is easily met.

    ii.    <u>Prejudice to Plaintiff</u>

The second prong of the Rule 36 analysis requires the Court to ascertain whether the Plaintiff will be prejudiced by the withdrawal of Celebrity's admissions. The Eleventh Circuit has held that:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Smith,* 837 F.2d at 1578 (internal citation omitted). "[A] court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun. *See, e.g., 999 v. C.I.T. Corp.,* 776 F.2d 866, 869 (9th Cir.1985) ("Had [the defendant] made this argument [that there was no prejudice] while moving for withdrawal of the admission before trial, it would have been more persuasive."). Although Celebrity's Motion was filed before trial, Plaintiff nonetheless argues that the withdrawal of Celebrity's admissions would prejudice her. In this

6

regard, Plaintiff asserts that she did not "press the interrogatories propounded at the same time [as the Admissions Request] because they were based upon any denials advanced by Defendant", D.E. 89 at *5, which is "an astonishing claim in light of the facts." *Perez*, 297 F.3d at 1267. The Court is unconvinced because, in denying the allegations of the Complaint in its Answer, Celebrity "maintained from the very beginning that [it] would contest [Plaintiff's] core allegations." *Id. See, c.f., United States v. Barbara Lane*, 960 F.2d 126 (11th Cir. 1992) (defendant's request to withdraw admissions denied and summary judgment granted for plaintiff where defendant never disputed the underlying facts). Furthermore, "cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions." *Hadley v. United States*, 45 F.3d 1345, 1349 (9th Cir. 1995). For example, in *999*, the district court denied the defendant's motion for withdrawal of its admission in part because the motion was not made until the middle of trial when the plaintiff had nearly rested its case. "The record revealed that 999 had relied heavily on the admission and had even shown the admission to the jury through an enlarged duplicate with no objection made by C.I.T." *Hadley*, 45 F.3d at 1349. *See also, 999*, 776 F.2d at 869. Here, Celebrity filed its Motion on December 4, 2017, over a month and half before the trial in this case is scheduled to take place in this case, and over a month before the scheduled pretrial conference. Additionally, in *Puerto Rico v. S.S. Zoe Colocotroni,* 628 F.2d 652, 666 (1st Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981), defendants' motion to withdraw admissions was denied because defendants recanted their admissions after initially admitting liability, which had "lull[ed] plaintiffs into a false sense that the liability issue was settled" and caused them to cancel scheduled depositions. Here, Celebrity did not initially admit liability, nor did Celebrity actively represent that it intended to concede any of the core elements encompassed in the Admissions Request. Instead, Celebrity appears to

7

have inquired into these issues during its depositions, which certainly served as a strong indication to Plaintiff that Celebrity continued to dispute the core elements of her claim.

Furthermore, Plaintiff did not cancel any scheduled depositions in this case. And, while Plaintiff's counsel claims that they chose not to depose the Solstice housekeeper who witnessed the slip and fall in reliance on the deemed admissions, Celebrity points out that it disclosed the name of the housekeeping supervisor and her availability in its July 17, 2017 Answers to Interrogatories, which was three months prior to the October 2, 2017 deadline for the Admissions Request.[2] D.E. 90 ¶ 5. Counsel's additional claim that they did not depose the Solstice employee that walked through the subject area just before Plaintiff's accident in reliance on the deemed admissions also appears to be disingenuous. Celebrity has been unable to identify such employee and disclosed its continuing efforts to identify this witness in its July 17, 2017 Answers to Interrogatories. "Significantly, Plaintiff never further inquired of defense counsel on th[is] issue or moved to compel answers to interrogatories" in the almost three months prior to the October 2, 2017 deadlines for the response to Admission Request." *Id.* ¶ 6. Celebrity's denial of the core elements of Plaintiff's claim at the outset of this case, combined with Plaintiff's questionable prejudice claims, leads the Court to conclude that Plaintiff has not carried her burden of proving that a withdrawal of Celebrity's admissions would prejudice her case.

## CONCLUSION

In applying the two-part test to Celebrity's failure to timely respond to the Admissions Request, the Court concludes that permitting the withdrawal of Celebrity's admissions would substantially promote the presentation of merits in this case and cause no prejudice to Plaintiff.

---

[2]    It is also worth noting that, according to Celebrity, the housekeeping supervisor "is now retired, returned to the Philippines and has not responded to any email communication from counsel as to her known address." D.E. 90 ¶ 5. Accordingly, Plaintiff's claim that discovery should be reopened so that Plaintiff may depose such witness is mooted.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion, D.E. 86, is GRANTED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Answers to Plaintiff's Request for Admissions, D.E. 87, is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this 13th_day of December, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record via CM/ECF