UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21097-UU

KATHLEEN MARSH,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.
                                  /

## ORDER ON MOTION IN LIMINE

THIS CAUSE is before the Court upon Defendant's Motion *In Limine* to Preclude and Exclude All Cumulative Expert Opinion Testimony at Trial (the "Motion"). D.E. 60.

THE COURT has reviewed the Motion and is otherwise fully advised in the premises.

By way of background, this case arises from Plaintiff's slip and fall while a passenger aboard the cruise ship, Celebrity Solstice. Plaintiff brings a single claim for negligence against Defendant, Celebrity Cruises, Inc. ("Celebrity"), based on the theory that it allowed water to puddle on the ship's pool deck and failed to warn her of the alleged dangerous condition. D.E. 1. On May 24, 2017, this Court issued a Scheduling Order, setting November 17, 2017 as the deadline for the filing of motions *in limine*. D.E. 16. On November 16, 2017, Celebrity filed the instant Motion.

Under Federal Rule of Evidence 403, a trial court may exclude relevant evidence on grounds of "undue delay, waste of time, or needless presentation of cumulative evidence." *See also Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1314-1315 (11th Cir. 2005). In its Motion, Celebrity states that it "reasonably anticipates that Plaintiff may attempt to present the

opinion testimony of two or more expert witnesses addressing identical issues" because Plaintiff identified eight expert witnesses in her Expert Disclosures. D.E. 60 ¶ 3. Celebrity therefore suspects that Plaintiff will "improper[ly] attempt to prejudice the Jury against Celebrity based on repetitive cumulative evidence" in violation of Rule 403. *Id.* ¶ 4. In her Response, Plaintiff asserts that Celebrity's Motion is "premature as present generalized evidentiary matters [] are more appropriately left to the Court to address at trial, if necessary." D.E. 63.

The Court does not take issue with the timing of Celebrity's Motion. However, the Court is unable to grant the Motion because Celebrity did not provide any information whatsoever regarding the anticipated testimony of the eight expert witnesses. Instead, Celebrity simply speculates that it believes that two or more expert witnesses will address identical issues without telling the Court what the issues are, who the duplicative experts are, and how their anticipated testimonies are cumulative. As such, Celebrity's Motion is entirely insufficient to warrant relief. **However, Plaintiff is cautioned that the Court will not permit the presentation at trial of the testimony of more than one expert witness on any particular subject.**

Accordingly, it is

ORDERED AND ADJUDGED that Celebrity's Motion, D.E. 60, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _13th_ day of December, 2017.

*[signature]*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record