UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21097-UU

KATHLEEN MARSH,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

    _____/

**ORDER**

This Cause is before the Court upon Defendant's Motion to Strike Dr. Gerald E. York's November 20, 2017 Affidavit and Exhibit 4 Filed in Support of Plaintiff's Opposition to Defendant's *Daubert* Motion (the "Motion"). D.E. 32.

THE COURT has considered the Motion and is otherwise fully advised in the premises.

By way of background, on November 10, 2017, Defendant, Celebrity Cruises, Inc. ("Celebrity"), filed a Motion to Strike or Exclude the Unreliable Opinion Testimony of Plaintiff's Expert Dr. Gerald York, M.D. (the "*Daubert* Motion"). D.E. 57. On November 22, 2017, Plaintiff filed her Response to the *Daubert* Motion (the "Response"). D.E. 67. Attached to her Response, Plaintiff included as an exhibit the November 20, 2017 Affidavit of Gerald Edward York, II, M.D. in Support of Plaintiff Marsh['s] Opposition to Defendant Celebrity's *Daubert* Motion (the "Affidavit"). D.E. 67-1.

Celebrity filed the instant Motion requesting that the Court strike the Affidavit and the corresponding portions of Plaintiff's Response because, according to Celebrity, the Affidavit

constitutes an untimely filed expert disclosure.[1] In evaluating Celebrity's *Daubert* Motion, the Court did not, in any way, rely upon the Affidavit or any portions of the Response which cited the Affidavit. Consequently, Celebrity's Motion is moot. **However, Plaintiff is cautioned that the Court will not admit at trial any expert testimony that was not properly and timely disclosed in accordance with the Court's Scheduling Order for Pretrial Conference and Trial.** D.E. 16.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Celebrity's Motion, D.E. 81, is DENIED AS MOOT.

DONE AND ORDERED in Chambers in Miami, Florida, this 15th day of December, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record via cm/ecf

---

[1] On May 24, 2017, the Court issued a Scheduling Order for Pretrial Conference and Trial which required the parties to complete discovery by October 20, 2017. D.E. 16. In her Response, Plaintiff claims that nothing in the Affidavit constitutes an untimely expert disclosure. D.E. 92. According to Plaintiff, the information in the Affidavit was previously and timely disclosed to Celebrity. *Id.*