UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21097-UU

KATHLEEN MARSH,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

**ORDER**

THIS CAUSE is before the Court upon Defendant's Motion *In Limine* to Preclude and Exclude all Evidence, Testimony, and Argument at Trial Concerning the Gross Amounts Billed for Plaintiff's Medical Care (the "Motion"). D.E. 61.

THE COURT has considered the Motion and is otherwise fully advised in the premises.

On or about March 23, 2017, Plaintiff filed her Complaint against Defendant, Celebrity Cruises, Inc. ("Celebrity"). D.E. 1. The Complaint alleged a singular claim for negligence based on Plaintiff's slip and fall on a puddle of water on the Solarium floor of the Celebrity cruise ship, Celebrity Solstice. Plaintiff alleges that Celebrity created a dangerous condition by failing to: (i) properly maintain the Solarium in the area where she slipped; and (ii) warn passengers of the danger. Plaintiff claims to have sustained physical injuries as a result of her accident.

On May 24, 2017, the Court entered a Scheduling Order for Pretrial Conference and Trial. D.E. 16. In its Order, the Court required the parties to file all motions *in limine* by November 17, 2017. *Id.* On November 16, 2017, Celebrity filed the instant Motion.

In its Motion, Celebrity argues that Plaintiff should be precluded from introducing evidence of "the gross amounts billed for her medical care and, in particular, the billed amounts for medical expenses that Plaintiff has not paid and will never pay" because her medical providers have agreed to accept her insurance company's reduced rates. D.E. 61 ¶ 3 (emphasis omitted). Celebrity asserts that "[p]resenting phantom damages artificially inflates the actual damages suffered by Plaintiff" and should therefore be excluded "in order to prevent a windfall to Plaintiff." *Id.* at *2.

In opposition, Plaintiff argues that the collateral source doctrine is applicable in the instant case and that presenting evidence of the reduction of past medical bills by Plaintiff's insurance company will confuse the jury's analysis of her future medical bills. D.E. 64 ¶11. However, Plaintiff fails to cite any binding case law in support of her argument.[1] Moreover, the Court does not agree with Plaintiff that this issue invokes the collateral source rule as the collateral source rule is intended. *See Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980) ("The collateral source rule bars an employer-tortfeasor from mitigating damages 'by setting off compensation received by the employee from an independent source.' In its simplest application, the rule prohibits the introduction of evidence offered to show that the employee already has been compensated for his injuries.").[2] Celebrity is not disputing that it is barred from seeking admission of, or reference to, amounts Plaintiff received from collateral sources; rather, Celebrity is seeking to preclude Plaintiff from claiming an amount of damages that was billed, but not actually paid, by Plaintiff or her insurance company. The Court agrees with the abundant case law within this District finding that Plaintiff is precluded from admitting

---

[1] Plaintiff only cites state cases in her Response. Plaintiff does not cite to a single federal case, let alone a federal case that is binding on this Court.

[2] The Eleventh Circuit Court of Appeals has adopted former Fifth Circuit precedent and considers "that body of law worthy of governance of legal affairs within [its] jurisdiction*." Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981).

evidence of the amount billed by healthcare providers, rather than the amount actually paid. *Gaskin v. Carnival Corp.*, Case No. 1:13-cv-22911-KMM (Oct. 8, 2014); *Giron v. Carnival Corp.*, Case No. 10-20387 (Apr. 18, 2011); *Fitzsimmons v. Royal Caribbean Cruises, Ltd.*, Case No. 11- 21079 (Jan 24, 2012); *Nappi v. Carnival Corp.*, Case No. 1:13-cv-21659-JLK (Oct. 22, 2014). Allowing Plaintiff to introduce the amount billed by the healthcare providers, rather than the amount paid, would result in a windfall to Plaintiff, who never actually received such a benefit.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Celebrity's Motions, D.E. 61, is GRANTED. Plaintiff is precluded from admitting evidence at trial of the gross amount billed by healthcare providers, rather than the amount actually paid.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of December, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record via cm/ecf